UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YUJUAN L. BANKS, SR., | No. 2: 14-cv-0460 TLN KJN P |
| Plaintiff, | |
| v. | ORDER |
| U.C. REGENTS, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendant Morse's motion to dismiss filed August 11, 2014. (ECF No. 21) Defendant moves to dismiss plaintiff's original complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, defendant's motion is denied without prejudice.

In response to the motion to dismiss, plaintiff filed a motion to amend (ECF No. 22) and an amended complaint (ECF No. 23). Pursuant to the mailbox rule, plaintiff filed his amended complaint on August 28, 2014. (ECF No. 23 at 9.)

A party may amend its pleading once as a matter of course 21 days after service of a motion under Rule 12(b). Fed. R.Civ. P. 15(a). Pursuant to Rule 15(a), plaintiff may file his amended complaint as a matter of course because it was filed within 21 days after service of defendant's motion to dismiss. Accordingly, defendant's motion to dismiss is denied without

1

prejudice.

Plaintiff's amended complaint states a potentially colorable claim for relief against defendant Morse. Accordingly, defendant shall file a response to the amended complaint within thirty days of the date of this order.[1]

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion to dismiss (ECF No. 21) is denied without prejudice;
2. Plaintiff's motion to amend (ECF No. 22) is granted; and
3. Defendant shall file a response to plaintiff's amended complaint (ECF No. 23) within thirty days of the date of this order.

Dated: September 11, 2014

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Bank460.ame

---

[1] In the amended complaint, as in the original complaint, plaintiff alleges that on February 16, 2011, he received a steroid injection in his left eye at the UC Davis Medical Center. Plaintiff alleges that defendant Morse, a professor in the Opthamology Department, directed a nurse to perform the injection. Plaintiff alleges that after the injection, his eye was bloodshot and bled profusely. Plaintiff alleges that several days after the injection, defendant Morse and the nurses looked at his eye and told him that these conditions were normal, in an attempt to cover-up mistakes the nurse made in administering the injection. Plaintiff alleges that he later suffered a detached retina and blindness in his left eye as a result of this injection. Plaintiff alleges that had defendant Morse treated the injuries caused by the "botched" injection at the time he examined plaintiff after the injection, plaintiff would not have suffered from the detached retina and blindness.

In the motion to dismiss, defendant argues that plaintiff has not stated a colorable claim for relief because he is attempting to hold defendant Morse liable for the actions of the nurse who performed the injection. While plaintiff may be challenging defendant Morse's alleged decision to have a nurse perform the injection, the undersigned finds that the gravamen of plaintiff's action against defendant Morse is the claim that defendant Morse deliberately failed to treat plaintiff's profusely bleeding eye several days after the injection, in an attempt to cover up the "botched" injection, which caused plaintiff to later suffer serious injuries. These allegations state a potentially colorable claim for relief.